# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALICIA BYRD, | * | CASE NO. |
| | * | |
| Plaintiff, | * | JUDGE |
| | * | |
| vs. | * | **COMPLAINT** |
| | * | **(AMERICANS WITH DISABILITY** |
| SUMMA HEALTH SYSTEM, | * | **ACT, 42 U.S.C. §12111(4),** |
| (An Ohio not-for-profit corporation) | * | **42 U.S.C. §2000e(f))** |
| | * | |
| Defendant. | * | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Alicia Byrd, by and through counsel, for her Complaint against Defendant Summa Health System, alleges and states as follows:

## Introduction

1. Plaintiff Alicia Byrd brings her claim against Summa Heath System for failing to afford her reasonable accommodations resulting in its having terminated plaintiff's employment, in violation of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended.

## The Parties

2. Plaintiff Alicia Byrd (Byrd) is a citizen of Ohio, residing within the territorial limits of the this Court.

3. At all relevant times hereto, Byrd was an "employee" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. §12111(4), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(f).

4.     At all relevant times hereto, Byrd was a "qualified individual" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. §12111(8).

5.     Defendant Summa Health System (Summa) is an Ohio not-for-profit corporation doing business within the territorial limits of the United States District Court, for the Northern District of Ohio, Eastern Division.

6.     Summa is and has been at all times relevant hereto, an "employer" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. §12111(5)(A), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b).

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 as this cause of action arises under the Constitution, laws or treaties of the United States and involves federal questions based upon the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended.

8.     On January 21, 2014, Byrd filed with the United States Equal Employment Opportunity Commission (EEOC), Charge No. 532-2014-00699 alleging discrimination based upon disability and age.

9.     On November 25, 2016, the EEOC issued a Notice of Right to Sue, which was received by Byrd on or about November 28, 2016.

10.    This action has been commenced within ninety days of Byrd's receipt of the Notice of Right to Sue.

**Venue**

11.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as the facts giving rise to this cause of action occurred within this judicial district.

## Operative Facts

12.     Byrd has been employed with Summa since July 2005[1] and assigned the position of Registered Nurse in the Surgical Services Operating Room Department.

13.     Summa recognized Byrd as an "above-average" employee.

14.     In August 2011 Ms. Byrd was diagnosed with a medical condition which required two surgical interventions and post-surgery treatment.

15.     Ms Byrd received all medical treatment, including follow-up care, at Summa's facilities.

16.     Due solely to her medical issues, Byrd would periodically be late for or absent from work.

17.     On such occasions when Byrd's medical condition caused her to be absent from work and following Summa's policy of notification of a work absence, Byrd would timely notify Summa of her absence from work due to her medical condition.

18.     At all times relevant to hereto, Summa had immediate, direct, and continuous access to information pertaining to all aspects of Byrd's medical condition, treatment, and care.

19.     At all times relevant hereto, Summa had immediate, direct, and continuous knowledge of the residual effects from Byrd's medical condition, including limitations on Byrd's major life activities.

---

[1] Byrd had been previously employed with Summa starting in August 1986, and was rehired in July 2005.

20. For the period beginning November 30, 2012 through May 15, 2013, Summa granted Bryd leave under the federal Family and Medical Leave Act (FMLA) due to these medical issues.

21. Byrd's FMLA leave provided for her absence from work two to three times every one to two weeks, for up to eight hours, with absences of two to three days per episode.

22. During the authorized FMLA leave and following Summa's policy of notification of a work absence, Byrd would timely notify Summa of her absence from work due to her medical condition.

23. Despite knowledge of Byrd's medical condition and of its limiting effect upon her major life activities, Summa began to penalize Byrd for "tardiness" and for absences, knowing that such was a direct or proximate result of Byrd's medical condition.

24. Claiming that Byrd's tardiness and absences exceeded that which Summa's attendance policy permitted, Summa terminated Byrd's employment effective March 29, 2013.

25. Following Summa's termination of Byrd's employment, the Ohio Unemployment Compensation Review Commission determined that such termination was "without just cause" granting unemployment compensation to Byrd.

26. Reasonable accommodations existed permitting Byrd to perform the essential functions of her employment as a registered nurse.

27. Summa failed to engage in any process to determine that reasonable accommodations existed permitting Byrd to perform the essential functions of her employment as a registered nurse.

28. Summa terminated Byrd's employment penalizing Byrd's absences that occurred during the period in which Byrd was on FMLA leave, yet specifically indicating that such absences were "not fmla protected."

### Byrd's Cause of Action - Failure to Accommodate A Disability
### In Violation of the Americans with Disabilities Act, 42 U.S.C. §12112

29. Summa has failed to provide Byrd with a reasonable accommodation as that term is defined in 42 U.S.C. §12111(9).

30. Summa has failed to engage in the interactive process in order to determine if any reasonable accommodation existed for Byrd.

31. Summa acted with reckless disregard of Byrd's rights.

32. As a direct or proximate result of Summa's conduct, Byrd has suffered stress humiliation, loss of income and other benefits of employment, and other damages of both a pecuniary and non-pecuniary nature.

### Prayer for Relief

**WHEREFORE**, plaintiff Alicia Byrd respectfully prays for Judgment in her favor and against Summa Health System and for the recovery of lost wages, compensatory damages, punitive damages, reasonable attorney fees, costs, injunctive and other such relief that is just and equitable.

    s/Lester S. Potash
Lester S. Potash (#0011009)
Counsel for Plaintiff Alicia Byrd
25700 Science Park Drive, Suite 270
Beachwood, OH 44122
Tel.: (216) 771-8400
Fax: (216) 771-8404
E-mail: lsp@potash-law.com

**Jury Demand**

Plaintiff Alicia Byrd demands that all issues of fact contained herein be tried to a jury.

                                               s/Lester S. Potash
                                               Lester S. Potash
                                               Counsel for Plaintiff Alicia Byrd